UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UMB BANK, N.A., solely in its capacity as Trustee under the Contingent Value Rights Agreement by and between Bristol-Myers Squibb Company and Equiniti Trust Company, dated November 20, 2019,

Plaintiff,

v.

BRISTOL-MYERS SQUIBB COMPANY and EQUINITI TRUST COMPANY, LLC,

Defendants.

------------------------------------------------------------X

Case No. 1:24-cv-8668 (JMF)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EQUINITI TRUST COMPANY, LLC'S MOTION TO DISMISS COUNT I OF THE COMPLAINT AS AGAINST IT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

ALLEGAERT BERGER & VOGEL LLP
David A. Berger
Michael S. Vogel
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Defendant*
*Equiniti Trust Company, LLC*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| STATEMENT OF FACTS | 1 |
|     A. Introduction and the Prior Action | 1 |
|     B. The Present Action | 2 |
|     C. Equiniti's Position | 3 |
| APPLICABLE STANDARDS ON THIS MOTION TO DISMISS | 4 |
| ARGUMENT | 5 |
| I. COUNT 1 OF THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) AS TO EQUINITI BECAUSE UMB HAS NOT ALLEGED A CLAIM FOR RELIEF AGAINST EQUINITI | 5 |
| II. COUNT I OF THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(1) AS TO EQUINITI BECAUSE UMB HAS NOT ALLEGED A CONTROVERSY BETWEEN ITSELF AND EQUINITI | 5 |
| CONCLUSION | 7 |

TABLE OF AUTHORITIES

Page(s)

Cases

*Bassaw v. United Indus. Corp.*,
482 F. Supp. 3d 80 (S.D.N.Y. 2020) ..................................................................................... 4

*California v. Texas*,
593 U.S. 659 (2021) ............................................................................................................. 6

*Cangemi v. United States*,
939 F. Supp. 2d 188 (E.D.N.Y. 2013) .................................................................................. 5

*Golden v. Zwickler*,
394 U.S. 103 (1969) ............................................................................................................. 6

*Hello I Am Elliot, Inc. v. Sine*,
No. 19 CIV. 6905 (PAE), 2020 WL 3619505 (S.D.N.Y. July 2, 2020) ................................ 5

*In re Joint E. & S. Dist. Asbestos Litig.*,
14 F.3d 726 (2d Cir. 1993) ................................................................................................... 5

*Kaufman v. Monday.com Ltd.*,
No. 23-CV-5864 (JMF), 2024 WL 3090146 (S.D.N.Y. June 21, 2024) .............................. 4

*Kidder, Peabody & Co. v. Maxus Energy Corp.*,
925 F.2d 556 (2d Cir. 1991) ................................................................................................. 6

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ............................................................................................................. 6

*Pfizer Inc. v. McNeil-PPC, Inc.*,
No. 1:14-CV-4659 (ALC), 2015 WL 13227648 (S.D.N.Y. Dec. 11, 2015) ........................ 6

*Pony Pal, LLC. v. Claire's Boutiques, Inc.*,
No. 05 CIV. 2355 (CSH), 2006 WL 846354 (S.D.N.Y. Mar. 31, 2006) ............................. 4

*Shipping Fin. Servs. Corp. v. Drakos*,
140 F.3d 129 (2d Cir. 1998) ................................................................................................. 4

*Skelly Oil Co. v. Phillips Petroleum Co.*,
339 U.S. 667 (1950) ............................................................................................................. 6

*UMB Bank, N.A. v. Bristol-Myers Squibb Co.*,
No. 21-CV-4897 (JMF), 2024 WL 4355029 (S.D.N.Y. Sept. 30, 2024) ..................... 1, 2, 3, 7

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*,
454 U.S. 464 (1982) ..................................................................................................................6

*Xiaolu Peter Yu v. Vassar Coll.*,
97 F. Supp. 3d 448 (S.D.N.Y. 2015) ..........................................................................................5

Statutes

28 U.S.C. § 2201(a) ......................................................................................................................5

Rules

Fed. R. Civ. P. 12(b)(1) ....................................................................................................... 1, 4, 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1, 4, 5

Defendant Equiniti Trust Company, LLC ("Equiniti"), respectfully submits this memorandum of law in support of its motion to dismiss Count I of the Complaint as against Equiniti pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## STATEMENT OF FACTS[1]

### A. Introduction and the Prior Action

This is a matter with which the Court has considerable familiarity, having handed down a dispositive ruling in a prior action, which arose from the same set of operative facts. *See UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 21-CV-4897 (JMF), 2024 WL 4355029 (S.D.N.Y. Sept. 30, 2024) (the "Prior Action"). The Court summarized that action as follows:

> This is a $6.4 billion contract dispute arising out of the November 2019 acquisition by Bristol-Myers Squibb Company ("BMS") of Celgene Corporation ("Celgene").… In connection with the acquisition, BMS issued to Celgene shareholders contingent value rights, or CVRs, which would have value only if the Food and Drug Administration ("FDA") approved marketing applications for three of Celgene's most valuable products by specified milestone dates…. If FDA approval of any product came even one day late, the agreement governing the CVRs (the "CVR Agreement") would automatically terminate and the CVRs would be rendered worthless…. The Complaint here alleges that BMS, in order to avoid paying CVR holders the $6.4 billion they otherwise would have been due, slow rolled the approval process for one therapy, causing it to be approved thirty-six days after the relevant milestone…. It alleges that BMS breached the CVR Agreement by failing to use "Diligent Efforts" to get the therapy approved on time and by not making its books and records available for inspection upon request on December 29, 2020, as required by the contract….

*Id.* at *1 (citations omitted).

This Court dismissed the Prior Action "for lack of subject-matter jurisdiction", holding that "UMB was not validly appointed as successor Trustee under the CVR Agreement before it filed the lawsuit, so it lacked Article III standing at the time it filed suit". *Id.* at *13. Accordingly, the Court implicitly held that Equiniti remained the Trustee as of the time the Prior

---

[1] For purposes of this motion only, Equiniti accepts the well-pleaded allegations of the Complaint.

Action was commenced.  However, the Court did not decide whether UMB or Equiniti is currently the Trustee, in light of "a 'reconfirmation' process that [UMB] pursued earlier [in 2024]". *Id.* at *1.  That reconfirmation process is alleged in greater detail in the current Complaint.  *See* Complaint ¶¶ 27-28, 38-43 (referring to "Confirmation" rather than "reconfirmation").  Rather, the Court left the question of whether, as a result of the reconfirmation process, UMB is now the Trustee with standing to assert claims against BMS, for a subsequent action:

> Significantly, however, this dismissal is *without prejudice* to the refiling of a new lawsuit by a properly appointed Trustee….  To be sure, any new lawsuit would likely have to confront the question of who the Trustee is now — namely, whether it is still Equiniti or, as a result of the "reconfirmation" process earlier this year, whether it is *now* UMB.  But that is a question for another day.

2024 WL 4355029 at *14 (citations omitted).

Equiniti was not a party to the Prior Action.  However, Equiniti's General Counsel testified to Equiniti's contemporaneous understanding that the process whereby UMB was appointed as successor Trustee was effective, and that testimony and related documentation was submitted to the Court in connection with BMS's motion to dismiss for lack of standing.  *See* 2024 WL 4355029, at *3, *4 ("As of [January 4, 2021], both BMS and Equiniti believed that UMB had been appointed Trustee").

The dismissal of the Prior Action is currently on appeal in the United States Court of Appeals for the Second Circuit.

### B. The Present Action

As contemplated by the Court's decision dismissing the Prior Action, UMB has commenced the present action, pleading that it is now the Trustee and alleging essentially the same breach of contract claim against BMS as it alleged in the Prior Action.  *Compare*

2

Complaint, Count II *with* Prior Action Complaint, Count I.² Equiniti is not named as a defendant in Count II and, accordingly, Equiniti does not address Count II or the allegations underlying it herein.

Equiniti is a defendant solely as to Count I, which "requests a Declaratory Judgment that (1) UMB is the Trustee under the CVR Agreement; and (2) Equiniti is no longer the Trustee under the CVR Agreement." Complaint ¶ 124.

### C. Equiniti's Position

As noted above, and as the Court is aware from the Prior Action, Equiniti contemporaneously and in good faith believed and intended that UMB replaced Equiniti as Trustee in or about December 2020. That contemporaneous understanding is reflected in the allegations of the Complaint. *See* Complaint ¶ 33 ("Equiniti reviewed these statements and concluded that a majority of CVR holders had presented proof sufficient to replace Equiniti with UMB as Trustee."); ¶ 34 ("On January 4, 2021, Equiniti distributed a Notice to Holders from Bristol-Myers stating that it had been replaced as Trustee by UMB"). Equiniti, however, respects this Court's decision to the contrary in the Prior Action and intends to conform its conduct to that decision, as well as to any subsequent decisions on this point by this Court and/or any appellate court.

Equiniti was not involved in the reconfirmation process, *see* Complaint ¶¶ 27-28, 38-43, and does not prior to discovery have access to a developed evidentiary record concerning that process. Nonetheless, as the reconfirmation process would effectuate Equiniti's intent with

---

² The Prior Action Complaint also included a second claim for relief, designated COUNT II (Breach of Contract: Books and Records Inspection) (*See* Prior Action Complaint, *UMB Bank, N.A. v. Bristol-Myers Squibb Co.,* No. 21-CV-4897 (JMF) (S.D.N.Y. June 3, 2021), ECF No. 1, ¶¶ 96-105), which is not asserted in this action.

3

respect to the December 2020 effort to replace Equiniti as Trustee, Equiniti does not dispute the effectiveness of the reconfirmation process or that UMB is the Trustee.

## APPLICABLE STANDARDS ON THIS MOTION TO DISMISS

"Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a claim must be dismissed when the federal court lacks jurisdiction over the subject matter." *Pony Pal, LLC. v. Claire's Boutiques, Inc.*, No. 05 CIV. 2355 (CSH), 2006 WL 846354, at *3 (S.D.N.Y. Mar. 31, 2006) (internal quotation marks omitted). "When considering a motion to dismiss for lack of subject matter jurisdiction ..., a court must accept as true all material factual allegations in the complaint." *Id.*, *quoting Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). "However, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it…. It is the claimant who bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Id.* (citations and internal quotation marks omitted). *See also Bassaw v. United Indus. Corp.*, 482 F. Supp. 3d 80, 84 (S.D.N.Y. 2020) ("In reviewing a motion to dismiss under Rule 12(b)(1), a court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."; citations and internal quotation marks omitted).

"In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Kaufman v. Monday.com Ltd.*, No. 23-CV-5864 (JMF), 2024 WL 3090146, at *1 (S.D.N.Y. June 21, 2024) (citation omitted). "To survive a motion to dismiss, a plaintiff need only plead factual allegations [that] are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* (citations and internal quotation marks omitted).

**ARGUMENT**

I. **COUNT 1 OF THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) AS TO EQUINITI BECAUSE UMB HAS NOT ALLEGED A CLAIM FOR RELIEF AGAINST EQUINITI.**

The Declaratory Judgment Act does not "provide an independent cause of action. Its operation is procedural only – to provide a form of relief previously unavailable." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). "Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." *Id.* "Thus, Plaintiffs must properly plead an underlying cause of action in order to seek such relief." *Cangemi v. United States*, 939 F. Supp. 2d 188, 196 (E.D.N.Y. 2013).

The Complaint should therefore be dismissed because UMB has not pleaded an underlying cause of action against Equiniti. The Complaint contains only one underlying cause of action, Count II for breach of contract against BMS, and that cause of action is expressly not asserted against Equiniti. That is not sufficient and, for that reason alone, the declaratory judgment claim against Equiniti cannot survive. *Hello I Am Elliot, Inc. v. Sine*, No. 19 CIV. 6905 (PAE), 2020 WL 3619505, at *11 (S.D.N.Y. July 2, 2020) (dismissing claim for declaratory judgment because complaint "has not alleged an independent cause of action"); *see also Xiaolu Peter Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 484 (S.D.N.Y. 2015) ("Given that [plaintiff] has failed to establish his other claims, and the declaratory relief sought rests on those claims, his claim for declaratory judgment also fails.").

II. **COUNT I OF THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(1) AS TO EQUINITI BECAUSE UMB HAS NOT ALLEGED A CONTROVERSY BETWEEN ITSELF AND EQUINITI.**

The Declaratory Judgment Act applies to cases presenting an "actual controversy within [the court's] jurisdiction". 28 U.S.C. § 2201(a). Thus, "[t]he Declaratory Judgment Act

5

… alone does not provide a court with jurisdiction", *California v. Texas*, 593 U.S. 659, 672 (2021), citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–672 (1950).

As the Second Circuit has explained, "[T]he question in each case [in which a declaratory judgment is sought] is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) (brackets in original), *quoting Golden v. Zwickler*, 394 U.S. 103, 108 (1969). As the Supreme Court has held, "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant". *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citation and internal quotation marks omitted). "Whether a real and immediate controversy exists in a particular case is a matter of degree and must be determined on a case-by-case basis." *Kidder, Peabody*, 925 F.2d at 562; *see also Pfizer Inc. v. McNeil-PPC, Inc.*, No. 1:14-CV-4659 (ALC), 2015 WL 13227648, at *2 (S.D.N.Y. Dec. 11, 2015) ("No bright line test exists for determining whether a case is one "'of actual controversy.'"), *quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

In this case, for the reasons set forth above, there is no controversy between UMB and Equiniti "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

## **CONCLUSION**

For the foregoing reasons, Equiniti respectfully asks the Court to dismiss the Complaint as against Equiniti, and further asks the Court to grant such additional relief as it deems just and proper.

Dated: January 14, 2025

ALLEGAERT BERGER & VOGEL LLP

By: _____s/ David A. Berger_____
David A. Berger
Michael S. Vogel

111 Broadway, 20th Floor
New York, New York 10006
Telephone: (212) 571-0550
Facsimile: (212) 571-0555

*Attorneys for Defendant*
*Equiniti Trust Company, LLC*

7