UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                    :

UMB BANK, N.A., solely in its capacity as
Trustee under the Contingent Value Rights
Agreement by and between Bristol-Myers
Squibb Company and Equiniti Trust Company,
dated November 20, 2019,
                                  :      Case No. 1:24-cv-8668 (JMF)

              Plaintiff,

       v.

BRISTOL-MYERS SQUIBB COMPANY
and EQUINITI TRUST COMPANY, LLC,

             Defendants.
-------------------------------------     x

## STIPULATION AND [PROPOSED] ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS AND PRESERVATION OF PRIVILEGE

Subject to the approval of the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, plaintiff UMB Bank, N.A. ("UMB"), in its capacity as trustee under the Contingent Value Rights Agreement dated as of November 20, 2019 (the "CVR Agreement"), defendant Bristol-Myers Squibb Company ("BMS"), and defendant cross-claimant Equiniti Trust Company, LLC ("Equiniti") (together, the "Parties" and each a "Party"), by their undersigned counsel, stipulate and agree as follows:

The Parties agree to the following as to material produced in *UMB Bank, N.A. v. Bristol-Myers Squibb Company*, Case No. 1:21-cv-04897 (JMF) ("*UMB I*"):

A.      All Discovery Material that was produced or generated in *UMB I* shall be deemed as if it had been produced or generated in this Action.

B.      Any designations as to confidentiality or privilege made with respect to Discovery Material that was produced in *UMB I* shall be deemed applicable in this Action. For the avoidance

of doubt, any provisions herein that are inconsistent in any manner with the provisions in the Stipulation and Order Governing Confidentiality of Discovery Materials and Preservation of Privilege in *UMB I*, *see UMB I* [ECF No. 41], shall not require the re-review and/or re-designation of any Discovery Material produced or generated in *UMB I* for confidentiality and/or privilege.

C.     Notwithstanding that all confidentiality and privilege designations made with respect to Discovery Material in *UMB I* shall be deemed applicable in this Action, nothing in this section shall prevent any Party from challenging a confidentiality or privilege designation made in *UMB I* pursuant to the relevant provisions of this Order.

1.     **PURPOSE**

1.1     Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this Action may be warranted.  Accordingly, the Parties hereby stipulate to and petition the United States District Court for the Southern District of New York (the "Court") to enter an Order approving this Stipulation (the "Order").

1.2     The purpose of this Order is to facilitate the production of discovery material and the prompt resolution of disputes over confidentiality and privilege, to protect material to be kept confidential and/or privileged, and to ensure that protection is afforded to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 26 and Fed. R. Evid. 502(d), the judicial opinions interpreting such Rules, and any other applicable law.

1.3     This Order shall be binding on the Parties and their counsel in this Action and on any other persons or entities who become bound by this Order by signifying their assent through

execution of the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto (an "<u>Acknowledgement</u>").   The Party seeking to share Confidential or Highly Confidential materials with a third-party shall be responsible for having the third-party execute an Acknowledgement and for maintaining a copy of the executed Acknowledgement on file.   A Designating Party may request a copy of an executed Acknowledgement only if that party has a reasonable, good faith belief that Protected Material has been improperly used or disclosed.

2.    **DEFINITIONS**

The following definitions apply for purposes of this Order:

2.1    **Action**:  The above-captioned lawsuit.

2.2    **Attorney's Eyes Only Information**:  Discovery Material which the Producing Party believes in good faith contains or reflects extremely sensitive proprietary information, trade secrets or competitive or commercial information for which disclosure to another party or an employee or officer of such other party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3    **Challenging Party**:  A Party that challenges the designation of information or items under this Order.

2.4    **Confidential Information**:  Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal or client information concerning individuals or other entities (including but not limited to names, telephone numbers, email addresses, mailing addresses, credit and banking information); previously nondisclosed financial information; previously nondisclosed business plans, product development information, forecasts, projections, or marketing plans; previously

nondisclosed materials constituting or containing confidential research and development or technical, sales, marketing, personnel, customer, vendor or other commercial information; or other information that the Producing Party reasonably believes would result in competitive, commercial or financial harm to the Producing Party or its personnel or customers.

2.5 **Counsel**: Outside Counsel of Record and In-House Counsel (as well as their employees and support staff).

2.6 **Designating Party**: A Party or Non-Party that designates documents, information, or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY'S EYES ONLY."

2.7 **Disclosed Privileged Material**: All Discovery Material that a Party or Non-Party discloses that it thereafter claims to be Privileged Material.

2.8 **Disclosing Party**: A Party or Non-Party that discloses Disclosed Privileged Material in this Action.

2.9 **Discovery Material**: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admission, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

2.10 **Expert**: A person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in this Action (as well as his or her employees and support staff).

2.11 **Private Data**: Any information that a Party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations, including, without limitation, The Health Insurance Portability and Accountability Act and the regulations thereunder

("HIPAA"), 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information); the Genetic Information Non-Discrimination Act of 2008 ("GINA") (biometric information); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data ("General Data Protection Regulation" or "GDPR"); Data Protection Act 2018 (c. 12) (United Kingdom personal information); Person Information Protection and Electronic Documents Act ("PIPEDA"), S.C. 200, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Persons (published July 5, 2010) (Mexico personal information); The Act on the Protection of Personal Information (Law No. 57 of 2003) (APPI) (Japan personal information); and The Security Technology Personal Information Security Specification GB/T 35273-2017 ("China Data Protection Law").  Private Data constitutes Highly Confidential Information under the terms of this Order.

2.12    **Highly Confidential Information**:  Discovery Material that: (a) is foreign Private Data; or (b) meets the definition of "Confidential Information" and which the Designating Party reasonably believes to be (i) non-public information reflecting product design or development, non-public technical research, pricing, and business strategy documents concerning a particular product or line of products, non-public financial statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data, non-public sales information relating to specific customers or classes of customers, non-public scientific research; or (ii) non-public information, the disclosure of which absent the protections afforded herein to Highly Confidential Information could create a substantial risk of serious harm that could not be avoided by less restrictive means.  Nothing herein precludes any Party from seeking additional protections not

5

currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Information.

2.13    **In-House Counsel**:    Lawyers who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.14    **Non-Party**:  Any person or entity that is not a Party and is either a Producing Party or a permitted Receiving Party under the terms of this Order.

2.15    **Outside Counsel of Record**:  Lawyers who are not employees of a Party to this Action but have been retained to represent or advise a Party and have appeared in this Action on behalf of that Party, persons or agents affiliated with or under contract with a law firm which has appeared on behalf of that Party, or counsel at other law firms representing a Party with respect to this Action who may not have appeared in this Action but are working with the lawyers who have appeared in this Action.

2.16    **Party**:  UMB, BMS, or Equiniti, and no other person.

2.17    **Privileged Material**:  Discovery Material protected from disclosure under the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. or foreign law, regulation or statute.

2.18    **Producing Party**:  A Party or Non-Party that produces Discovery Material in this Action.

2.19    **Professional Vendors**:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, graphic support services, coding, translating, preparing exhibits

6

or demonstrations, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.20    **Protected Material**: Any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY'S EYES ONLY."

2.21    **Receiving Party**:  A Party or permitted Non-Party that receives Discovery Material from a Producing Party.

2.22    **SDNY Local Rules**:  The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

3.    **SCOPE**

3.1    The protections conferred by this Order apply to Protected Material (as defined above) and also: (1) any information copied or extracted from Protected Material; (2) all copies, printouts, abstracts, excerpts, summaries, translations, or compilations of Protected Material (3) any information obtained, derived from, or generated from Protected Material; and (4) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover information that is lawfully in the public domain at the time of disclosure to a Receiving Party, the disclosure of which does not involve a violation of a law or regulation or breach of a legal obligation, or becomes part of the public domain after its disclosure to a Receiving Party as a result of a lawful publication, not involving a violation of this Order, a violation of a law or regulation, or a breach of a legal obligation.

3.2    This Order and its protections apply for pre-trial purposes only.  The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

**4.**     **DURATION**

4.1     Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1     **Manner and Timing of Designations**.  Except as otherwise provided in this Order (*see*, *e.g.*, Section 5.2.4 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.  The Parties shall make Confidential, Highly Confidential, and Attorney's Eyes Only designations in good faith to ensure that only those documents or testimony that merit Confidential, Highly Confidential, or Attorney's Eyes Only treatment are so designated.  Any such designation may be withdrawn by the Designating Party.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify the other Parties (or, in the case of a Non-Party, the Parties) that it is withdrawing the mistaken designation.

5.2     **Designation in conformity with this Order requires the following**:

5.2.1   *Marking.*  All or any part of a document, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential, Highly Confidential, or Attorney's Eyes Only by marking the appropriate legend ("CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY") on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item is Confidential, Highly Confidential, or Attorney's Eyes Only or contains such information.  With respect to documents produced in native format, the Producing Party shall supply fielded data identifying the confidential treatment of each document designated for confidential treatment and brand a placeholder TIFF image with the appropriate confidentiality designation.

5.2.2   *Separate Binding.*  A Designating Party may request of a court reporter that transcript pages containing Confidential, Highly Confidential, or Attorney's Eyes Only Information be separately bound with the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY") affixed to the relevant pages, provided, however, that no party may designate Confidential, Highly Confidential, or Attorney's Eyes Only the transcript of any proceeding that transpired in open court.  Any additional court reporter charges for this treatment of the transcript shall be borne by the Designating Party.

5.2.3   *Confidentiality Legend.*  A Receiving Party shall exercise good faith efforts to ensure that any copies, print-outs of natively produced documents or data, translations, excerpts, summaries, or compilations include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the document, discovery response, transcript, or pleading.

5.2.4   *Timing.*  Except as otherwise provided herein, documents and other objects must be designated before disclosure or production.  In the event that a Producing Party designates some or all of a witness's deposition or other pre-trial testimony (or related exhibits) Confidential,

Highly Confidential, or Attorney's Eyes Only, such designation may be made on the record of the deposition or hearing or within thirty (30) calendar days after receipt of the final transcript of such deposition or hearing.  If during the deposition counsel seeks to have portions of the testimony designated as Attorney's Eyes Only, the Producing Party shall have the right to exclude from attendance at the deposition, during such time as the Attorneys Eyes Only Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the videographer, and the reporter shall bind that portion of the transcript of the designated testimony in a separate volume marked ATTORNEY'S EYES ONLY.  The specific page and line designations over which confidentiality is claimed must be provided to all counsel of record within thirty (30) calendar days of receipt of the transcript in final form from the court reporter.  Deposition or pre-trial testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.  After the expiration of that period, the transcript shall be treated only as actually designated.

5.2.5   *Sticker on Containers.*  For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."  If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note that there is Protected Material in the load file.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    **Failures to Designate**.  Accidental or inadvertent disclosure without designation of Protected Material—including Protected Material disclosed by failure to redact as set forth in

Section 11—does not waive the confidential status of such information or any privilege or other protection attached thereto. In the event that Protected Material is disclosed without appropriate designations, any Party or Non-Party may thereafter reasonably assert a claim or designation of confidentiality, and the Producing Party shall promptly provide replacement media. Thereafter, the Receiving Party must promptly return the original information and all copies of the same to the Producing Party, or destroy the original information and all copies, and make no use of such information. In the event that Protected Material is inadvertently disclosed to any person and such disclosure is not permitted by the terms of this Order, the Receiving Party who made the inadvertent disclosure will make all reasonable efforts to ensure the original and all copies of inadvertently disclosed information are not used and are promptly returned or destroyed.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      **Timing of Challenges**. A Party's challenge to a Designating Party's designation of confidentiality may be made at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the confidentiality designation is made.

6.2      **Form of Challenges**. The Challenging Party shall object to the propriety of the designation of specific material as Confidential, Highly Confidential, or Attorney's Eyes Only by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of this Order. The Designating Party or its counsel shall

11

thereafter, within seven calendar days, respond to such challenge in writing by either:  (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  Counsel may agree to reasonable extensions.

6.3    **Meet and Confer**.  If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven calendar days thereafter. Counsel may agree to reasonable extensions.  The Parties shall attempt to resolve each challenge in good faith by conferring directly (either through email, letters, or voice-to-voice), within seven calendar days after the Challenging Party notifies the Designating Party of its continued challenge. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.4    **Judicial Intervention**.  If the Challenging Party and the Designating Party cannot resolve a challenge without court intervention, the Challenging Party may move the Court for an order withdrawing the designation as to the specific designations on which the Challenging Party and the Designating Party could not agree.  Each such motion must be accompanied by a certification that the movant has complied with the meet-and-confer requirements imposed in the preceding Section 6.3.

6.5    **Burden**.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  While a challenge is pending, all Parties and Non-Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court orders otherwise.

**7.**    <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

7.1    <u>**Basic Principles**</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in this Action only for prosecuting, defending, or attempting to settle this Action, including any appeal(s), so long as such use is permitted herein and for no other purpose. Any Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. After the final disposition of the Action, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Any person in possession of Protected Material shall exercise the same care with regard to the storage, custody, or use of the Protected Material as they would apply to their own material of the same or comparable sensitivity.  Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse, unauthorized access, disclosure, alteration, and destruction, including:

a)  Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Order;

b)  An audit trail of use and access to the litigation support site(s) shall be maintained while the litigation, including appeals, is pending;

c)  Any Protected Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptops, tablets, smartphones, thumb drives, etc.) that are password protected and/or encrypted with access limited to the persons entitled to access Protected Material under this Order.

If the Receiving Party is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level; and

d) Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order.

7.2 **<u>Restrictions on Disclosure of Confidential Information</u>**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.2.1 the Receiving Party's Counsel;

7.2.2 the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

7.2.3 Experts retained by the Receiving Party or the Receiving Party's Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.4 the Court and its personnel, including court reporters and their staff, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

7.2.5 special masters or discovery referees appointed by the Court;

7.2.6 mediators and their staff, provided such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.7 professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14

7.2.8    potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

7.2.9    the author or recipient of the document;

7.2.10  any witness at a deposition, provided that if the witness has not signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), then the witness shall not be allowed to retain any documents shown at the deposition (unless otherwise allowed to do so by this protective order);

7.2.11  any other person to whom the Designating Party, in writing, authorizes disclosure.

7.3    **Restrictions on Disclosure of Highly Confidential Information**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and except as specifically authorized herein, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL " only to the persons identified in Section 7.2 in accordance with the terms set forth therein, except that disclosure may not be made to the persons identified in Section 7.2.2.

7.4    **Restrictions on Disclosure of Attorney's Eyes Only Information**.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and except as specifically authorized herein, a Receiving Party may disclose any information or item designated

"ATTORNEYS EYES ONLY" only to the Receiving Party's Counsel and those persons identified in Sections 7.2.3, 7.2.4, 7.2.5, 7.2.6, 7.2.7, 7.2.9, 7.2.10, and 7.2.11.

7.5     **Exclusion of Individuals from Depositions**.  Counsel for any Designating Party shall have the right to exclude from depositions any person who is not authorized by the Order to receive Protected Material, but only during periods of examination or testimony directed to or comprising Protected Material.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1     If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

8.1.1     promptly notify in writing the Designating Party unless prohibited by law from doing so.  Such notification shall include a copy of the subpoena or court order;

8.1.2     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

8.1.3     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed

16

as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

9.1      The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action.  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.  Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

9.2      For a period of thirty (30) calendar days following production by a Non-Party, that production shall be deemed Highly Confidential Information even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as Confidential or Highly Confidential Information.  The inadvertent failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within that thirty (30) day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Section 5.3 of this Order.  Any party may request an extension of the thirty (30) day period when reasonably necessary.

9.3      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce such information, then the Party shall:

9.3.1    promptly notify in writing the Party requesting the Protected Material that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

17

9.3.2    promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

9.3.3    make the information requested available for inspection by the Non-Party.

9.4    If the Non-Party fails to object or seek a protective order from the appropriate court within fourteen (14) calendar days of receiving a notice and accompanying information pursuant to Section 9.3, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request, and such information shall be produced with the same designation as the one made by the Non-Party.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in an appropriate court of its Protected Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.    UNAUTHORIZED USE OR DISCLOSURE OF PROTECTED MATERIAL

10.1    If a Receiving Party learns that, by inadvertence or otherwise, it has either used Protected Material or disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures within three business days of so learning; (b) inform any person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve all unauthorized copies of the Protected Material.

If the Receiving Party discovers a breach of security relating to Protected Material, the Receiving Party must immediately: (a) provide written notice to the Designating Party of the

breach within three business days of the Receiving Party's discovery of the breach; (b) investigate and remediate the effects of the breach, and provide the Designating Party with assurance reasonably satisfactory to the Designating Party that the breach shall not recur; (c) provide sufficient information about the breach that the Designating Party can ascertain the size and scope of the breach.  The Receiving Party agrees to cooperate with the Designating Party and/or law enforcement in investigating any such security incident; and the Receiving Party shall promptly take all necessary and appropriate corrective actions to terminate the unauthorized access and/or correct the breach.

**11.     REDACTIONS**

11.1     Any Producing Party may redact from Discovery Material matter that the Producing Party claims is: (i) Privileged Material; or (ii) sensitive personal Private Data.  The Producing Party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.  If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

11.2     The right to challenge and the process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Information, Highly Confidential Information, and Attorney's Eyes Only Information as set forth in Section 6.

11.3    Nothing herein precludes any Party from seeking the other Parties' consent or an order allowing the Party to redact nonresponsive matter from otherwise responsive documents on a case-by-case basis.

## 12.    **PROTECTION OF PRIVILEGES**

12.1    **Inadvertent Production of Privileged Information**.

The inadvertent production of privileged or work-product protected documents, electronically store information ("ESI") or other information, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), except to the extent any disclosure of attorney-client privilege or work product is intentional.  In the event of intentional disclosure, the disclosing party will be deemed to have waived a claim of privilege or protection over undisclosed communications or information concerning the same subject matter and the provisions in Rule 502(b) of the Federal Rules of Evidence shall not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.2    **Duty of Care**.  Each Party or Non-Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for Privileged Material, taking into account the volume and sensitivity of the materials, the demands of the Action, and the resources that the Party or Non-Party can make available.

12.3    **Notice of Disclosed Privileged Material**.  If a Producing Party determines that it has produced Disclosed Privileged Material, the Disclosing Party shall, within five (5) calendar days of making such determination, provide written notice to all counsel of record identifying the

Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice").

12.4    **Receipt of Disclosure Notice**.  Any Party or Non-Party that receives a Disclosure Notice must: (a) immediately cease reviewing and using the Disclosed Privileged Material; and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice: (i) return, sequester, or destroy all copies of the Disclosed Privileged Material (or in the case of electronically stored information, delete); (ii) upon request of the Disclosing Party, provide to the Disclosing Party a certification of counsel that the Receiving Party has made a good faith effort to return, sequester or destroy all of the Disclosed Privileged Material and that it will cease further review, dissemination, and use of the Disclosed Privileged Material; and (iii) notify any Party or Non-Party to whom the Receiving Party has provided the Disclosed Privileged Material that he, she, or it must comply with the obligations set forth in this Section, including, upon request of the Disclosing Party, to provide to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed (or in the case of electronically stored information, deleted).[1]

12.5    **Lawyers' Ethical Responsibilities**.  Nothing in this Order is intended to create an obligation for a Party to conduct a privilege review of another Party's Discovery Material. However, if a Party identifies Discovery Material that appears on its face to be Disclosed Privileged Material belonging to another Party or Non-Party, the identifying Party is under a good-faith obligation to notify that other Party or Non-Party.  Such notification shall not waive or affect

---

[1]    Copies of Disclosed Privileged Material that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored.  If such data is restored, the Receiving Party must take steps to re-sequester the restored Disclosed Privileged Material.

the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material. If the Party or Non-Party to which the Disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or Non-Party shall provide a Disclosure Notice within five (5) calendar days of receiving such notification. Nothing in this Order overrides any lawyer's ethical responsibilities to refrain from examining or disclosing materials that the lawyer knows or reasonably should know to be Privileged Material and to inform the Disclosing Party that such Privileged Material has been produced.

12.6    **Discovery of Disclosed Privileged Material**. If a Receiving Party receives information that reasonably appears to be Disclosed Privileged Material, it shall immediately refrain from any further examination or disclosure of the Disclosed Privileged Material and provide written notice to counsel for the Producing Party within five (5) calendar days. Upon receipt of the written notice from the Receiving Party, the Producing Party shall, within five (5) calendar days, either provide a Disclosure Notice or notify the Receiving Party that the Producing Party does not claim privilege over the information identified in the written notice as Disclosed Privileged Material.

12.7    **Depositions**. If, during a deposition, a Party or Non-Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains its Disclosed Privileged Material, that Party or Non-Party may instruct the witness not to answer questions concerning the parts of the document containing Disclosed Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Disclosed Privileged Material. If any Party or Non-Party instructs the witness not to answer questions concerning the document on grounds of privilege, the Parties will cooperate in promptly following the procedures outlined in this Section, as applicable.

22

If the document is determined not to be privileged or subject to protection, the Party or Non-Party asserting the claim of privilege or protection will be responsible for ensuring that the deposing party is given an opportunity to depose the witness about the document and related subject-matter, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by counsel for such Party shall be within thirty (30) calendar days of said determination, and in the case of other Non-Party witnesses shall be at the earliest practicable time for the witness and their counsel.

12.8    **Contesting a Claim of Privilege or Protection**. A Party wishing to contest a claim of privilege or protection asserted in a Disclosure Notice under this Section of this Order (the "Contesting Party") shall, within seven (7) calendar days of receipt of the Disclosure Notice, provide written notice to the Producing Party of each such claim it is contesting (the "Contestation Notice"). Any Contestation Notice shall expressly refer to this Section of this Order and shall describe the basis for the contestation. The Producing Party shall, within seven (7) calendar days of receiving a Contestation Notice, respond in writing by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the Contesting Party continues to dispute the claim(s) at issue, it shall notify the Producing Party in writing within three (3) calendar days thereafter. The Parties shall attempt to resolve each contestation in good faith by conferring directly (either through email, letters, or voice-to-voice). A Contesting Party may proceed to the next stage of the contestation process only if it has engaged in this meet-and-confer process.

12.9    **Contesting Notice of Disclosed Privileged Material**. If a dispute remains following the completion of the process outlined in Section 12.6, a Receiving Party may move the Court for an order withdrawing the designation as to the specific claims on which the Contesting

23

Party and the Producing Party could not agree ("Contestation Motion"). Such Contestation Motion must be filed under seal in accordance with the local rules.

12.10  **In Camera Review**. While a Contestation Motion is pending, all Parties and Non-Parties shall continue to follow the procedures described herein, and no Party or Non-Party shall use the Disclosed Privileged Material for any other purpose nor disclose it to any person other than those required by law to be served with a copy of the sealed motion. Nothing herein shall limit the right of any Party or Non-Party to petition the Court for an *in camera* review of Inadvertent Production Material. Privileged Material may not be filed in the public record in this Action unless the applicable privilege is waived.

12.11  **Burden of Proving Privilege or Protection**. The Producing Party retains the burden, upon contestation, of establishing the applicability of the claimed privilege or protection and, if necessary, bears the burden of making the Disclosed Privileged Material available to the Court for in camera review.

12.12  **Stipulated Time Periods**. The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Section.

12.13  **Review**. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct review of documents, ESI, or information (including metadata) before production for relevance, responsiveness, and/or segregation of privileged and/or protected information.

12.14  **Proportionality**. Nothing contained herein is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privilege and/or protected information before production.

13.  **MISCELLANEOUS**

24

13.1     **Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Any Party, entity or person covered by this Order may at any time apply to the Court for relief from any provision of this Order.  Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon all counsel of record, with such writings to be filed with the Court if so directed.

13.2     **Right to Assert Other Objections**.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

13.3     **Hearings and Appeals**

13.3.1 *Notice*.  In the event that a Receiving Party intends to utilize Protected Material during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) calendar days prior to the hearing, to the Producing Party and/or the Designating Party and to the Court, except that shorter notice may be provided if the Receiving Party in good faith did not or could not anticipate the need to use the document at the hearing five (5) calendar days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Protected Material during the pre-trial hearing shall be determined by agreement of the relevant Parties or by Order of the Court.

13.3.2 *Court Proceedings*.  In the event that any Protected Material is used in any court proceeding in this Action or any appeal in connection with this Action, except for the use of Protected Material during trial, the manner of which shall be determined pursuant to Section 3.2, such Protected Material shall not lose its protected status through such use. Counsel shall comply

with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the courtroom.

13.4    **Reservations**. Entering into, agreeing to or complying with the provisions of this Order shall not: (1) operate as admission that any particular material contains Protected Material; or (2) prejudice any right to seek a determination by the Court (a) whether particular material should be produced, or (b) if produced, whether such material should be subject to the provisions of this Order.

13.5    **Third-Party Disclosure**. Nothing in this Order shall in any way require any Receiving Party to indemnify or hold harmless the Producing Party for the disclosure of Protected Material by a third party.

## 14.    FINAL DISPOSITION

14.1    Within ninety (90) calendar days after the final disposition of this Action, as defined in Section 4, each Receiving Party, including its employees, attorneys, consultants and experts, must use good faith efforts to destroy or return to the Producing Party all Highly Confidential or Attorney's Eyes Only Protected Material, except: (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice; or (2) documents that must be preserved as federal records or in compliance with other statutory, regulatory or legal authorities; (3) communications between outside counsel for the Receiving Party.  As used in this Section, "all Protected Material" includes all originals, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party

(and, if not the same person or entity, to the Designating Party) by the 90-day deadline that: (1) states that good faith efforts have been made to assure that all Protected Material has been returned or destroyed; and (2) affirms that the Receiving Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Materials), and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**15.    HIPAA QUALIFIED PROTECTIVE ORDER**

15.1    Nothing in this Order shall limit the right of a party to seek a separate protective order under HIPAA.  To the extent there are any discrepancies between any of the provisions in this Order and any HIPAA Qualified Protective Order entered in this matter, the provisions of the HIPAA Qualified Protective Order shall control.

**16.    BINDING EFFECT**

16.1    This Order may be executed in counterparts.  A copy, including a digital copy (e.g., a .pdf file) with a signature is as equally valid as an original.  The Parties agree to be bound by and adhere to the terms set forth herein even before this Confidentiality Agreement is endorsed as an Order of the Court.

Dated: New York, New York
March 10, 2026

/s/ *Karen L. Dunn*
Karen L. Dunn
William A. Isaacson
Jeannie S. Rhee
Erica Spevack
Anita Liu
**DUNN ISAACSON RHEE LLP**
401 Ninth Street, NW
Suite 800
Washington, DC 20004
Tel: (202) 240-2900
kdunn@dirllp.com
wisaacson@dirllp.com
jrhee@dirllp.com
espevack@dirllp.com
aliu@dirllp.com

Erin J. Morgan
**DUNN ISAACSON RHEE LLP**
11 Park Place
New York, NY 10007
Tel: (202) 240-2900
emorgan@dirllp.com

Philippe Z. Selendy
Maria Ginzburg
Joshua S. Margolin
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
mginzburg@selendygay.com
pselendy@selendygay.com
jmargolin@selendygay.com

David Crichlow
Julia M. Winters
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza | New York, NY
10020-1605
Tel: (212) 940-8800

28

david.crichlow@katten.com
jwinters@katten.com

*Attorneys for Plaintiff UMB Bank, N.A.,
solely in its capacity as Trustee under the
CVR Agreement*

/s/ *Jessica A. Masella*
Jessica A. Masella
John J. Clarke, Jr.
Jessica Park Wright
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500
jessica.masella@dlapiper.com
john.clarke@dlapiper.com
jessica.wright@dlapiper.com

*Attorneys for Defendant Bristol-Myers
Squibb Company*

/s/ *Elliot Moskowitz*
Elliot Moskowitz
Roshaan Wasim
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
elliot.moskowitz@davispolk.com
roshaan.wasim@ davispolk.com

*Attorneys for Defendant Cross-Claimant
Equiniti Trust Company, LLC*

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED:

Hon. Jesse M. Furman, U.S.D.J.

March 11, 2026

29