UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                         :

UMB BANK, N.A.,                         :

                            :

            Plaintiff,            :

                            :          24-CV-8668 (JMF)

        -v-                   :

                            :     MEMORANDUM OPINION

BRISTOL-MYERS SQUIBB COMPANY et al.,    :      AND ORDER

                            :

           Defendants.      :

                            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Defendant Equiniti Trust Company

("Equiniti") filed cross-claims against co-Defendant Bristol-Myers Squibb Company ("BMS")

for the stated purpose of preserving the rights of beneficial holders of contingent value rights

("CVRs") in the event either this Court or the Second Circuit were to determine that Equiniti,

and not UMB Bank, N.A. ("UMB"), is the Trustee with standing to bring suit. *See* ECF No. 81.

On December 18, 2025, BMS filed a motion to dismiss the cross-claims, arguing, *inter alia*, that

Equiniti lacks Article III standing to bring them because it is not the Trustee. *See* ECF Nos. 90,

91. In a May 7, 2026 Memorandum Opinion and Order, the Court reaffirmed that UMB remains

the Trustee, but reserved judgment on BMS's motion to dismiss Equiniti's cross-claims. *See*

*UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, 24-CV-8668 (JMF), 2026 WL 1257350, at *3

(S.D.N.Y. May 7, 2026). The Court directed the parties to file a joint letter providing their views

on next steps, including on whether a stay of the proceedings regarding the cross-claims was

warranted pending final resolution of who the Trustee is. *Id.*

On May 18, 2026, the parties filed their joint letter. *See* ECF No. 121 ("Joint Letter").

BMS argues that a stay of proceedings is not warranted and states that if Equiniti is not willing to

voluntarily dismiss its cross-claims, BMS is prepared to withdraw its pending motion to dismiss without prejudice and instead file an answer that preserves all its defenses until they can be fully litigated. *See id.* at 2. UMB and Equiniti, by contrast, believe that a stay of proceedings is warranted and argue the Court should deny BMS's pending motion to dismiss without prejudice to refiling in the event the stay is lifted following a final determination of the identity of the Trustee. *See id.* at 3. Pursuant to its "inherent" power "to control the disposition of the causes on its docket," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and for substantially the reasons set forth by UMB and Equiniti in the joint submission, *see* Joint Letter 2-3, the Court hereby STAYS the proceedings regarding Equiniti's cross-claims until there is a final, unappealable disposition as to the identity of the Trustee and, thus, DENIES BMS's motion to dismiss those cross-claims without prejudice to refiling once the stay is lifted.

More specifically, the Court finds that entering a partial stay as to the cross-claims in this case will achieve the "basic goal" of "avoid[ing] prejudice" to the litigants and non-party CVR holders whose interests are currently represented by UMB. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). In determining whether a stay is warranted, courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* Each factor weighs in favor of a stay here. As to the Plaintiff, entering a partial stay as to Equiniti's cross-claims will not prejudice UMB's ability to otherwise proceed expeditiously with its claims. Similarly, a stay will serve the interests of the non-party CVR holders by preserving their ability to bring claims

in the event it is ultimately determined that Equiniti is the proper Trustee.  *See* Joint Letter 2.[1]  A stay will also serve the interests of the courts and the public because it will preserve scarce judicial resources from being deployed to resolve BMS's motion to dismiss unless and until it is determined that Equiniti has standing to bring its cross-claims.

By contrast, any prejudice to BMS from entering a stay is speculative and minimal.  For starters, BMS will need to litigate Equiniti's cross-claims only if Equiniti is determined to be the Trustee.  Even if that occurs, it is simply not true — as BMS asserts — that it will be "prevented from defending itself."  *Id.* at 1.  Instead, it will be able to raise all potential defenses after the stay is lifted.  And given that Equiniti's cross-claims are substantially identical to the claims brought by UMB, BMS will be in as good a position to litigate those claims against Equiniti as it is right now against UMB.  Accordingly, the Court hereby STAYS the proceedings regarding Equiniti's cross-claims until there is a final, unappealable disposition as to the identity of the Trustee and, thus, DENIES BMS's motion to dismiss those cross-claims without prejudice to refiling once the stay is lifted.  The case will otherwise proceed as scheduled.

The Clerk of Court is directed to terminate ECF No. 90.

SO ORDERED.

Dated: May 21, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]    BMS argues that entering a stay will not "reduce the risk of prejudice to CVR investors . . . because the filing of Equiniti's deficient cross[-]claims would not prevent any applicable statute of limitations from expiring."  ECF No. 121 ("Joint Letter"), at 1-2.  But the case they cite for that proposition, *In re Direxion Shares ETF Tr.*, 279 F.R.D. 221, 237 (S.D.N.Y. 2012), says only that a time-barred intervenor's claims cannot relate back to the claims of a plaintiff who lacked Article III standing to bring those claims in the first place.  Here, by contrast, it is the stay, not the relation back doctrine, that would preserve the timeliness of Equiniti's claims.  In any event, a stay preserves the status quo and would at least permit Equiniti to argue that the limitations period was not running pending the Second Circuit's decision on who is the Trustee.