UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
UMB BANK, N.A. solely in its capacity as                        :
Trustee under the Contingent Value Rights                       :
Agreement by and between Bristol-Myers                          :
Squibb Company and Equiniti Trust Company,                      :
dated November 20, 2019,                                        :        Case No. 1:24-cv-8668 (JMF)
                                                                :
                    Plaintiff,                                  :
                                                                :
         v.                                                     :
                                                                :
BRISTOL-MYERS SQUIBB COMPANY                                    :
and EQUINITI TRUST COMPANY, LLC,                                :
                                                                :
                    Defendants.                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION AND [PROPOSED] ORDER REGARDING SCHEDULE FOR EXPERT DISCLOSURES AND DISCOVERY

Subject to the approval of the Court, pursuant to paragraph 7(g) of the Civil Case Management Plan and Scheduling Order (the "Case Management Order") [ECF No. 111], plaintiff UMB Bank, N.A., solely in its capacity as Trustee under the Contingent Value Rights Agreement dated as of November 20, 2019 ("UMB"), defendant Bristol-Myer Squibb Company ("BMS"), and defendant cross-claimant Equiniti Trust Company, LLC ("Equiniti"), by and through their respective counsel, enter into this stipulation ("Stipulation"):

WHEREAS,

A.      On May 1, 2024, UMB and BMS entered into a stipulation governing expert disclosures and discovery in *UMB Bank, N.A. v. Bristol Myers-Squibb Company*, No: 1:21-cv-4897 (JMF) (S.D.N.Y.) ("*UMB I*") (the "First Expert Stipulation"). *See UMB I*, ECF No. 125. In an opinion and order entered on September 30, 2024, the Court dismissed *UMB I* without prejudice for lack of subject matter jurisdiction. *See UMB I*, ECF No. 167. At the time,

UMB and BMS already had "exchanged opening and rebuttal expert reports from 12 experts (5 UMB experts and 7 BMS experts) and were scheduled to begin expert depositions." Joint Letter to Hon. Jesse M. Furman, ECF No. 94, at 4;

B.       In a joint letter to the Court dated January 5, 2026, the parties proposed to "resume where they left off in *UMB I* on the merits of Count II[.]" Joint Letter to Hon. Jesse M. Furman, ECF No. 94 at 4. "With respect to the new claims in the Amended Complaint (Counts I and IV), and with respect to UMB's allegation that it was appointed the Trustee by a valid 'act of the Majority Holders,' the parties agree[d] that they may engage in new discovery, including . . . the submission of expert reports." Joint Letter to Hon. Jesse M. Furman, ECF No. 94 at 4. The parties jointly proposed that there would be "[d]isclosure of any new expert witnesses on Counts I and IV [of the amended complaint] to follow the completion of fact discovery" with respect to those counts. *Id.*;

C.       Under the Case Management Order, the deadline to complete expert discovery is January 19, 2027. ECF No. 111, § 6(d). The Case Management Order requires the parties to confer on and propose to the Court a schedule for expert disclosures, including reports and rebuttal reports. ECF No. 111, § 7(g);

D.       The parties accordingly have conferred and agreed upon the following proposed schedule and procedures to govern expert disclosures, reports, and discovery to be completed by the expert discovery cutoff date;

NOW, THEREFORE, IT IS STIPULATED AND AGREED:

1.       Expert Disclosures From *UMB I*. All experts and rebuttal experts disclosed in *UMB I* ("Merits Experts"), together with their respective reports, shall be deemed to have been disclosed in this action subject to otherwise applicable terms in the First Expert Stipulation.

Depositions of previously disclosed Merits Experts shall be conducted as part of the expert discovery to be taken in this action.

2.      <u>Initial Expert Disclosures</u>.  For any expert witness addressing issues raised under Counts I or IV of the amended complaint (or defenses thereto) who a party intends to call as an expert witness at trial (other than an expert who is being offered solely as a rebuttal expert under paragraph 3) (each a "<u>UMB II Opening Expert</u>"), the disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure, together with expert reports or other disclosures required under the applicable rules, shall be served no later than August 17, 2026.  For the avoidance of doubt, a party's service of a UMB II Opening Expert report in accordance with this stipulation shall not constitute an acknowledgment by that party that it bears the burden of production at trial on the issue(s) in support of which that report is offered.

3.      <u>Rebuttal Expert Disclosures</u>.  For any expert witness who will be offered by a party solely to contradict or rebut evidence on issues raised by a UMB II Opening Expert (each a "<u>UMB II Rebuttal Expert</u>"), the disclosures required under Rule 26(a)(2), together with expert reports or other disclosures required under the applicable rules, shall be served no later than <u>October 1, 2026</u>. The scope of a party's UMB II Rebuttal Expert report shall be limited to the same subject matter encompassed in another party's UMB II Opening Expert reports, in accordance with the rules applicable to rebuttal experts and the decisional law applying those rules.

4.      Expert reports shall include the information required under the applicable rules. *See* Fed. R. Civ. P. 26(a)(2)(B), (C); Fed. R. Evid. 702-705.

5.      The parties agree that in addition to the expert reports of Merits Experts that previously were exchanged in UMB I, there shall be only UMB II Opening Expert reports and UMB II Rebuttal Expert reports.  Absent leave of Court for good cause shown, no expert witness

shall be offered who has not been disclosed, and no expert reports shall be served or offered, except to the extent disclosed or served by a party in accordance with the preceding paragraphs.

6.      The parties shall cooperate in providing copies to the other party upon its request of materials identified in expert reports that are not reasonably available to the receiving party through previous discovery, publicly available sources, or other means. Information for which a fee must be paid to obtain access shall not be considered to be reasonably available for purposes of this provision.  If material has been made available through previous discovery, each report shall identify such material by Bates number.

7.      The parties shall be permitted to take one deposition of each expert identified by another party in its Rule 26(a)(2) disclosures, provided that if an expert has been identified by a party more than once there shall be only one deposition of that expert.  No subpoena for deposition or documents need be served for expert depositions.  A party disclosing an expert shall make the expert available for a deposition at a time and place mutually agreeable to the parties and the witness.  All such depositions shall occur after the date for serving UMB II Rebuttal Expert reports and shall be completed by the expert discovery cut-off date.  The limitation on the duration of such depositions provided in Rule 30(d)(1) shall apply.

8.      The parties shall endeavor to schedule and complete the depositions of any UMB II Rebuttal Experts that are not also Merits Experts after the depositions of any other experts.

9.      The following categories of data, information, and documents need not be produced or otherwise disclosed by any party and are outside the scope of permissible discovery, unless such information or documents are being relied upon by such expert in connection with his or her opinions: (i) any other documents or information disclosed to, reviewed by, or prepared by the expert but not included in, relied upon, or cited by the expert in the expert report; (ii) drafts of any

4

expert report, including any interim analyses or reports prepared by the expert; (iii) communications between a party's counsel and any expert witness, or any of the expert's assistants or clerical or support staff, regardless of the form of the communications; (iv) communications between any expert witness and any of the expert's assistants or clerical or support staff, regardless of the form of the communications; and (v) communications between any expert witness and any other expert witness or non-testifying expert consultants, regardless of the form of the communications.

10.    Nothing in this Stipulation or the First Expert Stipulation shall be deemed to authorize or permit discovery of facts known or opinions held by an expert who has been retained or specially employed by a party exclusively in anticipation of and in connection with litigation or preparation for trial or any hearing and whom the party has not disclosed as a testifying expert witness pursuant to this stipulation.

11.    A party may prepare and use demonstrative exhibits in connection with the testimony of an expert.  The parties will agree to a schedule for disclosing such demonstrative exhibits as part of the joint pretrial order in this action.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

12.     This Stipulation may be amended or modified by further written agreement or upon order of the Court for good cause shown.  This stipulation is without prejudice to the rights of any party to seek relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: June 5, 2026

**DUNN ISAACSON RHEE LLP**

By:  _/s/ Jeannie S. Rhee_

    Karen L. Dunn
    William A. Isaacson
    Jeannie S. Rhee
    Erica Spevack
    Anita Liu

401 Ninth Street, NW
Suite 800
Washington, DC 20004
(202) 240-2900

Erin J. Morgan
11 Park Place
New York, NY 10007
(202) 240-2900

Philippe Z. Selendy
Maria Ginzburg
Joshua S. Margolin
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

David Crichlow
Julia M. Winters
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza |
New York, NY 10020-1605
(212) 940-8800

*Attorneys for Plaintiff UMB Bank, N.A.,*
* solely in its capacity as Trustee under the*
* CVR Agreement*

6

**DLA PIPER LLP (US)**

By:   /s/ John J. Clarke, Jr.
       John J. Clarke, Jr.
       Jessica A. Masella
       Jessica Park Wright

1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500

*Attorneys for Defendant*
* Bristol-Myers Squibb Company*

**DAVIS POLK & WARDWELL LLP**

By:   /s/ Elliot Moskowitz
       Elliot Moskowitz
       Roshaan Wasim

450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendant Cross-Claimant*
*Equiniti Trust Company, LLC*

SO ORDERED:

_____
      U.S.D.J.

7